##### FOR THE

## COUNTY OF FRANKLIN.

### JANUARY TERM, 1850.

---

##### PRESÉNT,

Hon. STEPHEN ROYCE, Chief Judge.
Hon. MILO L. BENNETT,
Hon. DANIEL KELLOGG, } Assistant Judges.
Hon. HILAND HALL,

---

### JOHN DWYER *v.* SAMUEL P. HALL.

The plaintiff sold to the defendant a mare for a specified sum, and the defendant agreed, that, if the mare proved to be with foal, he would pay an additional sum of four dollars to a third person, to whom the plaintiff was indebted in that amount. The mare having proved to be with foal, and the defendant having refused to make the payment as agreed, it was held, that the plaintiff might recover the four dollars in an action upon book account.

Book Account. The plaintiff, among other items in his account, claimed to recover for one charge of four dollars, in reference to which the auditor reported the facts as follows. The plaintiff sold to the defendant a mare, at a specified price, and it was agreed be-

Dwyer *v.* Hall.

tween them, that, if the mare proved to be with foal, the defendant would pay the farther sum of four dollars to one Saxby, to whom the plaintiff had previously agreed to pay that amount, if the mare proved to be with foal; and the plaintiff then charged that amount to the defendant, on book account, conditionally, " if the mare should be with foal." Saxby was not privy to this agreement, and was never informed of it by the defendant, nor did he ever agree to discharge the plaintiff from his liability. The mare proved to be with foal; but the defendant refused to pay Saxby, and denied any liability to do so, and thereupon the plaintiff paid Saxby, and then brought this action. The auditor allowed the charge, and the county court accepted the report, and rendered judgment thereon for the plaintiff. Exceptions by defendant.

*Stevens & Edson,* for defendant, insisted, that the action on book account could not be sustained, for the reason, that there was no existing debt, when the charge was made, and relied upon *Slason et al. v. Davis,* 1 Aik. 73, *Nason v. Crooker,* 11 Vt. 464, and *Stone v. Pulsipher et al.,* 16 Vt. 428.

*Wilson & Atwood,* for plaintiff, insisted, that the action was properly brought in the name of the plaintiff,—citing *Crampton v. Ballard,* 10 Vt. 251, *Pangborn v. Saxton,* 11 Vt. 79, *Hall v. Huntoon,* 17 Vt. 244, *Whiting v. Corwin,* 5 Vt. 451, and *Phalan v. Barney,* 11 Vt. 82; that the item was a proper subject of charge on book,—citing *Kingland v. Adams,* 10 Vt. 201, and *Gilman v. Peck,* 11 Vt. 516; and that the right to charge was not affected by the contingency, to which the right to demand payment was made subject,—citing *Hall et al. v. Peck et al.,* 10 Vt. 474, *Hickok et al. v. Ridley,* 15 Vt. 42, and *Rogers v. Miller,* 15 Vt. 431.

The opinion of the court was delivered by

HALL, J. The real character of the transaction is, that the plaintiff sold the defendant a mare at a stipulated price, which price was to be enhanced to a larger sum, provided the mare proved to possess a certain quality, which it was then impracticable to determine whether she possessed, or not. If the mare at the time of the sale had been lame from a recent injury, the extent of which could

not then be ascertained, and it had been agreed, that the purchaser should pay for her a certain price, and an increased price, provided she should recover from her lameness within a specified time, and the mare had been charged on book, I apprehend there could be no doubt, the seller could recover her value in this form of action, at either the higher or lower price, as the evidence should warrant. So, if the mare in the present case had been sold on credit and charged on book, we see no objection to the plaintiff's recovering her value in the book action, and at the enhanced price, if the facts in the case showed him entitled to it. Nor do we think, it would form any obstacle to the recovery on book, that by the agreement the price of the mare, or a portion of it, was to have been paid to a third person, instead of directly to the seller. Sales are not unfrequent, in which the purchase money is agreed to be paid to a third person in discharge of a liability of the vendor to him, but it has not been supposed, that we are aware, that such agreement in regard to the mode of payment would prevent the vendor from charging and recovering for the article on book.

The present is substantially an action to recover of the defendant a balance due to the plaintiff on the sale of a mare; and such in effect was the form, in which it was presented to the auditor. We perceive no valid objection to the form of the action for the recovery of this balance, and therefore affirm the judgment of the county court.